UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case Number: 25-cr-149 (JMC) |
| LINWOOD BARNHILL, | : |
| Defendant. | : |

STATEMENT OF OFFENSE

The parties in this case, the United States of America and the defendant, Linwood Barnhill, stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offenses; they are being submitted to show that sufficient facts exist that the defendant committed the offenses to which he is pleading guilty: Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(2).

I. The Penalties

A violation of 18 U.S.C. § 1591(a)(1), (b)(2) carries a mandatory minimum sentence of ten years of imprisonment, a maximum sentence of life imprisonment, a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3), or both; a term of supervised release of not less than five years and up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 1593; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

II. The Elements of the Offense

To prove that the defendant is guilty of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), the government must prove beyond a reasonable doubt that:

1. The defendant knowingly recruited, enticed, harbored, transported, provided, obtained,

maintained, patronized, or solicited by any means a person to engage in a commercial sex act;

2. The defendant's actions were in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States;

3. The person had not attained the age of 18 years;

4. The defendant knew or was in reckless disregard of the fact that the person would be caused to engage in a commercial sex act; and

5. The defendant knew, or was in reckless disregard of the fact, that the person was under 18 years of age, or had a reasonable opportunity to observe the person.

### III. Factual Proffer

1. In April 2024, the defendant recruited MV1, a 15-year-old girl, to work for him in commercial sex. The defendant knew that MV1 was fifteen years old and that she had run away from home. The defendant told MV1 that she could make money dancing at a strip club in Prince George's County, Maryland, called the Ebony Inn, and that she would earn even more money by having sex with men in private "VIP rooms" at the club. He then had MV1 audition for him using a stripper pole in his basement.

2. The defendant transported MV1 from Washington, D.C. to the Ebony Inn multiple times per week in his vehicle, a white Infiniti SUV. The defendant dropped MV1 off at the club, where she would strip and have sex with men for money. The defendant would then pick her up once the club closed in the morning and take a portion of the money that she earned. He instructed MV1 to tell the staff at Ebony Inn that she was eighteen years old and to use condoms when she had sex with men.

3. The defendant had MV1 work for him in commercial sex through August of 2024. He took over $10,000 of the proceeds that she earned at the club.

4.      In approximately April 2025, after MV1 had stopped working for the defendant, the defendant began calling MV1 multiple times. During these conversations, he attempted to convince her to recommence working for him in commercial sex.

5.      In approximately August 2024, the defendant attempted to recruit MV2, a 15-year-old girl, to work for him in commercial sex. The defendant knew that MV2 was 15 years old and that she had run away from home. The defendant spoke to MV2 on the phone and told her that he wanted her to work for him at a strip club in Maryland. He informed her that she could make even more money if she also had sex with men in private "VIP rooms" at the club. The defendant explained to MV2 that he would take a portion of the money that she earned at the club and instructed her to tell the staff at the club that she was eighteen years old. He also instructed her to use condoms when she had sex in the VIP rooms. MV2 told the defendant that she would think about his offer.

6.      A few weeks after this phone conversation, MV2 called the defendant and asked him for a ride from a metro station in Maryland to D.C. During the car ride, the defendant again tried to convince MV2 to work for him in commercial sex, including by telling her that she would make a lot of money at the club because men would love her body. MV2 declined to work for the defendant.

7.      In the fall of 2024, the defendant paid W1, a 15-year-old girl, to recruit other girls to work for him in commercial sex. The defendant knew that W1 was fifteen years old. W1 would send the defendant Instagram photos of minors that she knew and the defendant would speak to them on the phone. W1 would have the minors come over to her house, where the defendant would pick them up and take them to a street in Washington, D.C. known for commercial sexual activity to engage in commercial sex. W1 told the defendant the ages of the minors, who were all under

eighteen years old.

8. The defendant's iCloud account included text messages with at least ten other identified minor females. The defendant would frequently advise the minors to call him, instructing them not to discuss "business" via text message. However, the defendant exchanged numerous messages with these minors referencing "the club," dancing for money, and the "VIP room." At least two of the minor females sent the defendant their current location as high schools in the District of Columbia.

Respectfully,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Caroline Burrell*

Caroline Burrell
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I, Linwood Barnhill, have read every word of this Statement of Offense. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, after consulting with my attorney, Steve Kiersh, Esq., I agree and acknowledge by my signature that this Statement of Offense is true and accurate. I do this knowingly and voluntarily and because I am in fact guilty of the crime to which I am pleading guilty. The Statement of Offense is a summary made for the purpose of providing the Court with a factual basis for my guilty plea. It does not include all of the facts known to me regarding these offenses. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

Dated: 9/17/25

Linwood Barnhill
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read this Statement of Offense and have reviewed it with my client fully. I concur in my client's desire to adopt and stipulate to this Statement of Offense.

Dated: 9/17/25

Steve Kiersh, Esq.
Attorney for Linwood Barnhill