UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO: 25-CR-149 (JMC) |
| | : | |
| LINWOOD BARNHILL, | : | |
| | : | |
| Defendant. | : | |

### NOTICE OF MATERIAL INACCURACIES IN DRAFT PRESENTENCE REPORT

Page 5, Paragraph 9: Defendant disputes that he took over $10,000.00 of the proceeds that MV1 earned at the job.

Page 5, Paragraph 10: Defendant disputes that he attempted to reconvince MV1 to recommence working for him in commercial sex.

Page 6, Paragraph 16. Defendant disputes that he forced MV1 to perform lap dances and have sex with men.

Page 18, Paragraph 18. Defendant disputes that he beat and raped MV 1 and kept her in his basement for multiple days.

Page 18, Paragraph 21. Defendant disputes that he grabbed the breasts of MV2.

Page 8, Paragraph 24. Defendant denies traveling to North Carolina, Florida and Baltimore to pick yup girls to bring them to this area to work for him. Defendant denies forcing a girl into the basement.

Page 9, Paragraph 27. Defendant denies touching MV 4's genital area and her butt claiming she needs to practice not flinching.

 Page 9, Paragraph 29. Defendant denies paying for MV 4's tattoos.

Page 9, Paragraph, 312. Defendant denies bringing out a vibrator to W2 and putting it between her legs. He also denies forcefully pulling her legs apart.

Page 18, Paragraph 73. Defendant denies failing to update the sec offender registry.  He did call into the registry and informed the registry he would be staying at 640 Howard Road, S.E., Washington, D.C.

Page 30, Paragraph 145. Defendant has not agreed to the forfeiture of a BB gun or a white envelope with pictures as those items were not seized.

Defendant objects to Page 11, Paragraph 45 and denies restraining MV1, and beating and

raping her. The 2-level adjustment is not appropriate.

Defendant objects to the 2-level increase for use of a computer pursuant to USSG Section 2G1.3 (b)(3)(A) to persuade or facilitate the travel of a minor.

Defendant objects to Greater Adjusted Offense level of 40. The Greater adjusted Offense level is 36.

The guideline range of imprisonment should be a total offense level of 36, and criminal history category of V, 262 months-327 molnths. However, an agreed upon sentence range is 20 to 27 months of imprisonment.

                                      Respectfully submitted,

                                      _____/s/_____
                                      Steven R. Kiersh #323329
                                      5335 Wisconsin Avenue, N.W., Suite 440
                                      Washington, D.C. 20015
                                      (202) 997-1125
                                      skiersh@aol.com